IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.J. YOUNG PUBLISHING CO., LLC,<br>by WILLIAM YOUNG,<br><br>      Plaintiff,<br><br>v.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE<br>COUNTY/KANSAS CITY, KANSAS,<br>TIMOTHY ORRICK, NATHANIEL BARNES,<br>JOE REARDON, R. WAYNE LAMPSON,<br>KATHERINE LYNCH, MIDLAND<br>WRECKING INC. AND JUANDA<br>HENDERSON,<br><br>      Defendants. | CIVIL ACTION<br><br>No. 12-CV-2011-KHV |

**MEMORANDUM AND ORDER**

William Young brings suit pro se and in forma pauperis on behalf of D.J. Young Publishing Company, LLC. Though far from clear, it appears that this lawsuit emanates from the destruction of a historic building which contained printing presses and artifacts from African-American and Native American communities. Pending before the Court are two motions to dismiss filed by the Unified Government Of Wyandotte County/Kansas City, Kansas, Commissioner Nathaniel Barnes and CEO Major Joe Reardon. See Motion To Dismiss (Doc. #6) filed February 27, 2012; Motion To Dismiss Second Amended Complaint (Doc. #9) filed March 28, 2012.

Defendants seek dismissal of plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction and because the doctrine of res judicata bars plaintiff's claims. In response, plaintiff filed a second amended complaint. Under Fed. R. Civ. P. 15(a), defendants seek dismissal of plaintiff's second amended complaint

because plaintiff filed it without defendants' written consent or leave of court.

The two-page amended complaint accuses defendants of (1) participating in a "two-hundred-year-old white bigot culture" which has become a criminal culture that "systematically and methodically cheats African-Americans and Native Americans out of land;" (2) "destroying their heritage;" (3) committing "genocide" of their constitutional rights by utilizing eminent domain to unlawfully seize property; (4) conspiring to embezzle from plaintiff by "misappropriating federal funds and [committing] perjury"; (5) displaying lack of respect for African-American achievement; (6) intentionally and feloniously destroying a historical building and leaving the crime scene; and (7) maliciously and intentionally destroying historical artifacts and printing presses.  See Amended Complaint (Doc. #5) filed February 3, 2012, at 1.

The second amended complaint – filed without defendants' written consent or leave of court – alleges that defendants and others engaged in a litany of intentional and malicious acts against plaintiff, as follows:

> (1) destroyed historical printing presses and historical artifacts valued at over $2 billion dollars; (2) utilized Eminent Domain as a ways and means to carry out a crime; (3) destroyed evidence that proved Bill Young and descendants were exempt from Eminent Domain; (4) evolved from a 250 year white bigot culture that merged into a white collar corrupted unit of crime that systematically and methodically cheat African Americans and Native Americans out of land while destroying their culture and identity via the Kansas Bar Association & Unified Government of Wyandotte County/Kansas City, Kansas (5) while under the guise of government, the Unified Government [UG] committed bribery via coercion of perjury; (6) UG's contractor executed a felony by leaving crime scene after destroying a historical building; (7) the UG covered-up crimes; (8) the UG confiscated historical printing presses & artifacts via illegal seizure of property; (9) the UG genocide plaintiff's Constitutional Rights pertaining to Life, Liberty, and Pursuit of Happiness; (10) the UG destroyed plaintiff's Constitutional Rights pertaining to Due Process of Law; (11) the UG cheated plaintiff out of federal funds pertaining to land owned in a blighted area; (12) UG formed conspiracy with constituents of Young family whom are UG employees to embezzle from other family members & Bill Young; (13) whereas, the Bureau of Indian Affairs owes Native Americans $70 billion dollars and for defendants to destroy evidence proving that plaintiff has tithes [sic] to BIA is a Violation of Due Process of Law; (14) the Unified Government's Justice Department & Kansas Bar Association

>allowed the UG's attorneys & witnesses to commit perjury, cover-up of a felony, bribery; destroy historical artifacts, and commit other atrocities; (15) whereas, The Kansas Bar Association allows its members to undermine the Constitution of the United States of America; henceforth, The Kansas Statues Annotated is not the SUPREME LAW OF THE LAND; (15a) again, The Kansas Bar Association allowed attorneys who reside in Johnson County, Kansas and pay personal property taxes in Johnson County, Kansas to skim the 157,000 taxpayers who reside in Wyandotte County, Kansas via charging them high maintenance legal fees for frivolous lawsuits; (16) furthermore, this white collar crime culture [is a] parasite[] on humanity by depriving the people who reside in Wyandotte County of federal funds that could rehabilitate the economy in the Wyandotte County community via The New Quindaro Town; (17) whereas, the UG deprived the Churches of God in Christ of the Kansas Jurisdiction East of federal funds to provide shelters for the poor, to erect senior citizens' low income housing units, and nursing homes for the poor while it allowed the middle class [Nathaniel Barnes] to erect new luxury homes via federal funds; hence, this is Robin Hood [robbing the hood] in reverse; stealing from the poor and giving to the rich; (18) again, when the UG allows NASCAR to build a luxury casino via Windfall profits and restrict the Wyandotte Nation to a humble casino which was once a church, this is discrimination of their civil rights; and, when the UG disallowed D.J. Young Publishing Company, LLC to preserve historical artifacts by sending them to the Assemblies of God Pentecostal Flower Museum in Springfield, MO, to the Church of God Christ in Memphis, TN, and to the Wyandotte County Museum in Kansas, this too is another act of discrimination and a violation of civil rights; (19) whereas, when the UG coerced Juana Henderson to destroy [a] letter from Bureau of Indian Affairs addressed to Priscilla Jones Young proving that Priscilla was entitled to Native American benefits, this selfish act deprived the descendants of David and Priscilla Young of federal funds; also, the defendants cheated Native Americans out of federal funds [who owned land in Wyandotte County].

Doc. #8 at 1-3 (bracketed material in original). Plaintiff alleges that defendants violated 18 U.S.C. § 201; 23 U.S.C. §§ 201, 206, and 214; 25 U.S.C. §§ 175-178; 185, 194, 199, 201 and 202; and 42 U.S.C. §§ 1404a and 1434. See id. at 3. The second amended complaint then catalogues details of atrocities committed against plaintiff's ancestors over the past one-and-a-half centuries, see id. at 3-16, and finally sets out a list of experts and plans for the proposed remedy in the form of "The New Quindaro Town," see id. at 16-22.

As noted, plaintiff proceeds in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2)(B),

the court may dismiss an in forma pauperis action sua sponte if it is frivolous or malicious or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Lewis v. Ctr. Mkt., 378 F. App'x 780, 785 (10th Cir. 2010) (affirming dismissal of non-prisoner's civil lawsuits under § 1915(e)(2)(A)).  The Court may also dismiss a complaint sua sponte under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)).

In determining whether dismissal is appropriate under either Section 1915(e)(2) or Rule 12(b)(6), the Court accepts as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of plaintiff.  See Kay v. Bemas, 500 F.3d 1214, 1217–18 (10th Cir. 2007).  The Court also liberally construes the pleadings of a pro se plaintiff.  See Jackson v. Integral Inc., 952 F.2d 1260, 1261 (10th Cir. 1991).  This does not mean, however, that the Court must become an advocate for the pro se plaintiff.  Hall, 935 F.2d at 1110.  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Id.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  Fisher v. Lynch, 531 F. Supp.2d 1253, 1260 (D. Kan. 2008).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  Id. (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).  Factual allegations in the

4

complaint must be enough to raise a right to relief "above the speculative level."  Kay, 500 F.3d at 1218 (citing Twombly, 550 U.S. at 555).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give defendants sufficient notice of plaintiff's claims so that they can provide an appropriate answer.  Caruthers v. Wichita Sch. Dist., No. 10-2511-WEB-KGG, 2010 WL 4102360, at *3 (D. Kan. Oct. 18, 2010) (citing Monroe v. Owens, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964, at *3 (10th Cir. Mar. 21, 2002)).  Rule 8(a) requires three minimal pieces of information in order to provide such notice: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P. 8(a).  After reviewing plaintiff's complaint and liberally construing the allegations, the Court may dismiss the action if it finds that plaintiff has failed to state a claim upon which relief may be granted.

Here, the Court has carefully reviewed all pleadings in this case.  As to the amended complaint (Doc. #5), the Court finds that it does not set forth enough facts to flesh out any discernable claim for relief.  The Court thus addresses whether the proposed second amended complaint (Doc. #8) addresses that shortcoming.

> The problems plaintiff's second amended complaint creates are best described as follows:
>
> This Court has repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints – complaints in which a plaintiff brings every conceivable claim against every conceivable defendant.  Such complaints are pernicious for many reasons.  See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 981 (11th Cir. 2008) ("The unacceptable consequences of shotgun pleading are many.").  For one thing, complaints like the one in this case unfairly burden defendants and courts.  The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support.  In this case, for example, plaintiffs have essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited the defendants and the Court

5

to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two.

Gurman v. Metro. Hous. & Redev. Auth., 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). The Court finds that the proposed second amended complaint fails to comport with the pleading requirements of Rule 8(a)(2). In addition, to the extent that the Court can comprehend the myriad of new "facts" and "claims" alleged in the proposed second amended complaint, the Court concludes that these facts fail to state a claim for relief.

**IT IS THEREFORE ORDERED** that this case be and hereby is **DISMISSED** for failure to state a claim.

Dated this 18th day of September, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge